Opinion issued May 18, 2009

 








 


    
 

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00479-CV
____________

TAWANA ROBINSON, Appellant

V.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee




On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2005-28509



 
MEMORANDUM OPINION

          After a bench trial, the trial court terminated the parent-child relationship
between appellant, Tawana Robinson, and her child, K.E., based on findings that 
appellant’s conduct had violated Texas Family Code sections 161.001(1)(E), (F) and
(O) and that termination was in K.E.’s best interest. See Tex. Fam. Code Ann.
§§ 161.001(1), (2) (Vernon 2008). We determine whether appellant’s failure timely
to file a statement of points for appeal precludes her sole appellate challenge of
factual insufficiency of the evidence. We affirm.
Statement of Points
A.      The Law
          “Not later than the 15th day after the date a final order is signed by the trial
judge, a party who intends to request a new trial or appeal the order must file with the
trial court: (1) a request for a new trial; or (2) if an appeal is sought, a statement of the
point or points on which the party intends to appeal.” Tex. Fam. Code Ann.
§ 263.405(b) (Vernon 2008). The statement of points may be combined with a
motion for new trial. Id. § 263.405(b-1) (Vernon 2008). “The appellate court may
not consider any issue that was not specifically presented to the trial court in a timely
filed statement of the points on which the party intends to appeal or in a statement
combined with a motion for new trial.” Id. § 263.405(i) (Vernon 2008). A trial court
may extend the deadline for filing a statement of points, upon good cause shown,
under the provisions of Texas Rule of Civil Procedure 5. In re M.N., 262 S.W.3d
799, 803–04 (Tex. 2008); see also Tex. R. Civ. P. 5. 
B.      Procedural Timeline
          The relevant events are as follows:
●May 15, 2008: the trial court signed the order of termination.
 
●May 30, 2008: the 15-day deadline for filing a statement of points
or a motion for new trial ended on this day. See Tex. Fam. Code
Ann. § 263.405(b).
 
●June 4, 2008: the 20-day period in which to perfect appeal ended
on this day. See id. § 263.405(a) (Vernon 2008); Tex. R. App. P.
26.1(b).
 
●June 5, 2008: appellant’s trial counsel moved to withdraw from
her representation, with her consent, because he was “unable to
effectively communicate” with her.
 
●June 5, 2008: appellant’s trial counsel filed a notice of appeal.



 
●June 10, 2008: the trial court granted trial counsel’s motion to
withdraw and appointed a different attorney as appellate counsel.
 
●June 10, 2008: Texas Department of Family and Protective
Services (“TDFPS”), appellee in this Court, filed a motion to
strike the notice of appeal for being untimely. 
 
●June 14, 2008: the trial court’s general plenary power expired. 
See Tex. R. Civ. P. 329b(d).
 
          ●        June 20, 2008: appellate counsel filed a motion to extend post-judgment deadlines.
 
●June 24, 2008: the trial court granted TDFPS’s motion to strike
appellant’s notice of appeal and struck same.



 
●June 24, 2008: the trial court signed an order finding that appellant
was indigent for purposes of appeal, that her appeal was not
frivolous, and that a reporter’s record and clerk’s record were
necessary for appeal. See Tex. Fam. Code Ann. § 263.405(d)
(Vernon 2008) (requiring hearing on such matters no later than
30th day after signing of termination decree). 
 
●June 24, 2008: the trial court signed an order denying appellate
counsel’s motion to extend post-judgment deadlines.
 
●December 15, 2008: (as represented by counsel on appeal)
appellate counsel filed a motion for new trial and statement of
appellate points in the trial court.



C.      Discussion
          The clerk’s record shows that trial counsel did not file a statement of points at
any time before his withdrawal. The record also shows that appellate counsel was not
appointed until after the deadline to file a statement of points had already expired. In
re J.O.A., No. 08-0379, 2009 WL 1165303, at *5 (Tex. May 1, 2009) (“Given the
accelerated timetable, the burden should logically fall on trial counsel [to file a
statement of points], and in this case necessarily so because [the father’s] appellate
counsel was not appointed until after the fifteen-day period had run.”). No motion to
extend time under rule 5 to file the statement of points was made during the trial
court’s plenary power. The only statement of points that appellant discusses is the one
attached to her response to our February 11, 2009 order (not contained in the clerk’s
record), which was file-stamped December 15, 2008—seven months after the final
decree’s signing. Under these circumstances, even if we can consider the December
15 statement of points that is not part of the official appellate record, that statement
of points is untimely. See Tex. Fam. Code Ann. § 263.405(b).
          The filing of a statement of points is a procedural prerequisite to considering the
sole issue that appellant raises on appeal. See Pool v. Tex. Dep’t of Family &
Protective Servs., 227 S.W.3d 212, 215 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(concluding that legal- and factual-sufficiency challenges could not be reached for
lack of statement of points); Mikowski v. Tex. Dep’t of Family & Protective Servs., No.
01-07-00011-CV, 2007 WL 3038099, at *2 (Tex. App.—Houston [1st Dist.] Oct. 18,
2007, no pet.) (memo. op.) (same). Appellant’s statement of points was filed too late
to be considered. Accordingly, we may not consider appellant’s factual-sufficiency
challenge. 
Conclusion
We affirm the judgment of the trial court.
 
 
Tim Taft
Justice
 
Panel consists of Chief Justice Radack and Justices Sharp and Taft.